UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| OBRIAN LEWIS, | : | **3:19-CV-00234** |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | (Magistrate Judge Schwab) |
| | : | |
| SUPERINTENDENT LAUREL HARRY, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

# MEMORANDUM OPINION

## I. Introduction.

The plaintiff, Obrian Lewis, claims that the defendants violated the Eighth Amendment by using excessive force against him. He names as defendants four corrections officers and the Superintendent of the state correctional institution where the use of force occurred. He also claims that the Superintendent retaliated against him by transferring him to another institution. Currently pending is the Superintendent's motion for summary judgment. Because Lewis has not presented evidence to support his claims against the Superintendent, we will grant the Superintendent's motion for summary judgment.

## II. Background and Procedural History.

Lewis began this action by filing a complaint on February 11, 2019, naming five defendants: (1) Laurel Harry, the Superintendent of the State Correctional Institution at Camp Hill ("SCI Camp Hill"); (2) Sergeant Wittel;[1] (3) Lieutenant Dereese; (4) Corrections Officer Britton; and (5) Corrections Officer Reid. Lewis alleges that on December 1, 2017, after a dispute in the dining hall, defendants Britton, Reid, and Wittel assaulted him in the presence of defendant Dereese. Lewis was then placed in the restricted housing unit. He was later transferred to another institution. Lewis claims that defendants Britton, Reid, and Wittel used excessive force on him in violation of the Eighth Amendment. He claims that defendant Dereese and Harry also violated the Eighth Amendment by failing to protect him. And he claims that defendant Harry subsequently transferred him from SCI Camp Hill as retaliation for his use of the grievance system. He seeks declaratory and injunctive relief as well as compensatory and punitive damages.

The parties consented to proceed before a magistrate judge pursuant to 28 U.S.C. § 636(c), and the case was referred to the undersigned. After discovery closed and within the time set by the court for the filing of dispositive motions,

---

[1] In his complaint, Lewis identified this defendant as Sergeant John Doe. He later identified Sergeant Wittel as Sergeant John Doe, and Sergeant Wittel was substituted for Sergeant John Doe.

defendant Harry filed a motion for summary judgment.[2] The parties have briefed that motion. For the reasons set forth below, we will grant the motion.

### III. Summary Judgment Standards.

Defendant Harry moves for summary judgment under Rule 56(a) of the Federal Rules of Civil Procedure, which provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Through summary adjudication the court may dispose of those claims that do not present a 'genuine dispute as to any material fact' and for which a jury trial would be an empty and unnecessary formality." *Goudy-Bachman v. U.S. Dept. of Health & Human Services*, 811 F. Supp. 2d 1086, 1091 (M.D. Pa. 2011) (quoting Fed. R. Civ. P. 56(a)).

The moving party bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). With respect to an issue on which the nonmoving party bears the burden of proof, the moving party may discharge that

---

[2] The motion is titled "Defendants' Partial Motion For Summary Judgment," *see doc. 61*, but because summary judgment is requested only as to the claims against defendant Harry, we refer to the motion as defendant Harry's motion for summary judgment.

burden by "'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

Once the moving party has met its burden, the nonmoving party may not rest upon the mere allegations or denials of its pleading; rather, the nonmoving party must show a genuine dispute by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" or "showing that the materials cited do not establish the absence . . . of a genuine dispute." Fed. R. Civ. P. 56(c).  If the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial," summary judgment is appropriate. *Celotex*, 477 U.S. at 322.  Summary judgment is also appropriate if the nonmoving party provides merely colorable, conclusory, or speculative evidence. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  There must be more than a scintilla of evidence supporting the nonmoving party and more than some metaphysical doubt as to the material facts. *Id.* at 252.  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

The substantive law identifies which facts are material, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson,* 477 U.S. at 248. A dispute about a material fact is genuine only if there is a sufficient evidentiary basis that would allow a reasonable fact finder to return a verdict for the non-moving party. *Id.* at 248–49. When "faced with a summary judgment motion, the court must view the facts 'in the light most favorable to the nonmoving party.'" *N.A.A.C.P. v. N. Hudson Reg'l Fire & Rescue*, 665 F.3d 464, 475 (3d Cir. 2011) (quoting *Scott v. Harris,* 550 U.S. 372, 380 (2007)).

At the summary judgment stage, the judge's function is not to weigh the evidence or to determine the truth of the matter; rather it is to determine whether there is a genuine issue for trial. *Anderson,* 477 U.S. at 249. The proper inquiry of the court "is the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250.

Summary judgment is warranted, after adequate time for discovery, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex,* 477 U.S. at 322. "Under such circumstances, 'there can

5

be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.'" *Anderson v. Consol. Rail Corp.*, 297 F.3d 242, 247 (3d Cir. 2002) (quoting *Celotex,* 477 U.S. at 323). "[S]ummary judgment is essentially 'put up or shut up' time for the non-moving party: the non-moving party must rebut the motion with facts in the record and cannot rest solely on assertions made in the pleadings, legal memoranda, or oral argument." *Berckeley Inv. Group, Ltd. v. Colkitt*, 455 F.3d 195, 201 (3d Cir. 2006).

## IV.  Material Facts.

Local Rule 56.1 requires a party moving for summary judgment to file "a separate, short and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried." M.D. Pa. L.R. 56.1.  The Rule, in turn, requires the non-moving party to file "a separate, short and concise statement of the material facts, responding to the numbered paragraphs set forth in the statement required [by the moving party], as to which it is contended that there exists a genuine issue to be tried." *Id.*  The "[s]tatements of material facts in support of, or in opposition to, a motion shall include references to the parts of the record that support the statements," and "[a]ll

material facts set forth in the statement required to be served by the moving party will be deemed admitted unless controverted by the statement required to be served by the opposing party." *Id.*

Here, defendant Harry filed a statement of material facts in support of her motion for summary judgment. Lewis has not, however, filed a response to defendant Harry's statement of material facts. Thus, in accordance with Local Rule 56.1, we deem Lewis to have admitted the following facts set forth by defendant Harry.

On December 1, 2017, Lewis was incarcerated at SCI Camp Hill. *Doc. 62* ¶ 1. Defendant Harry, the Superintendent at SCI Camp Hill, had no relevant direct interactions with Lewis. *Id.* ¶ 2. She was not present when the alleged assault occurred. *Id.* ¶ 3. Lewis was transferred out of SCI Camp Hill for normal classification reasons. *Id.* ¶ 4.

**V. Discussion.**

Lewis asserts an Eighth Amendment failure-to-protect claim and a First Amendment retaliation claim against defendant Harry. We address each claim in turn.

### A. Defendant Harry is entitled to summary judgment as to Lewis's Eighth Amendment claim.

Because defendant Harry was not personally involved in the events underlying Lewis's Eighth Amendment claim, she is entitled to summary judgment as to that claim.

Liability in a 42 U.S.C. § 1983 action is personal in nature, and to be liable, a defendant must have been personally involved in the wrongful conduct. Thus, respondeat superior cannot form the basis of liability. *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 290 (3d Cir. 2018). In other words, "each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). And so, a constitutional deprivation cannot be premised merely on the fact that the defendant was a supervisor when the incidents set forth in the complaint occurred. *See Alexander v. Forr*, 297 F. App'x 102, 104–05 (3d Cir. 2008). Rather, "[b]ecause vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

The Third Circuit has "recognized that 'there are two theories of supervisory liability, one under which supervisors can be liable if they established and maintained a policy, practice or custom which directly caused the constitutional harm, and another under which they can be liable if they participated in violating

8

plaintiff's rights, directed others to violate them, or, as the persons in charge, had knowledge of and acquiesced in their subordinates' violations.'" *Parkell v. Danberg*, 833 F.3d 313, 330 (3d Cir. 2016) (quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 129 n.5 (3d Cir. 2010)).

"Where a supervisor with authority over a subordinate knows that the subordinate is violating someone's rights but fails to act to stop the subordinate from doing so, the factfinder may usually infer that the supervisor 'acquiesced' in (i.e., tacitly assented to or accepted) the subordinate's conduct." *Robinson v. City of Pittsburgh*, 120 F.3d 1286, 1294 (3d Cir. 1997) (footnote omitted), *abrogated on other grounds*, *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 67 (2006). A plaintiff must show that a defendant was personally involved either through "the defendant's participation in or actual knowledge of and acquiescence in the wrongful conduct." *Chavarriaga v. New Jersey Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015).

To set forth a claim for supervisory liability under the policy-and-practice strand of supervisory liability, a plaintiff must:

> (1) identify the specific supervisory practice or procedure that the supervisor failed to employ, and show that (2) the existing custom and practice without the identified, absent custom or procedure created an unreasonable risk of the ultimate injury, (3) the supervisor was aware that this unreasonable risk existed, (4) the supervisor was indifferent to the risk; and (5) the underling's violation resulted from the supervisor's failure to employ that supervisory practice or procedure.

9

*Id.* at 227 (quoting *Brown v. Muhlenberg Twp.*, 269 F.3d 205, 216 (3d Cir. 2001)). "Put another way, the inmate must identify the supervisor's specific acts or omissions demonstrating the supervisor's deliberate indifference to the inmate's risk of injury and must establish a link between the supervisor, the act, and the injury." *Id.*

Here, it is undisputed that defendant Harry was not present at that time of the alleged assault on Lewis. And Lewis has not presented any evidence from which a factfinder could reasonably infer that she had knowledge of and acquiesced in the use of force against Lewis or that a policy or practice of hers lead to the use of force. Thus, defendant Harry is entitled to summary judgment as to the Eighth Amendment claim against her.

### B. Defendant Harry is entitled to summary judgment as to Lewis's First Amendment claim.

Lewis brings a First Amendment retaliation claim against defendant Harry based on his transfer from SCI Camp Hill. Defendant Harry is entitled to summary judgment as to this claim as well.

"Retaliating against a prisoner for the exercise of his constitutional rights is unconstitutional." *Bistrian v. Levi*, 696 F.3d 352, 376 (3d Cir. 2012), *abrogated on other grounds by Bistrian v. Levi*, 912 F.3d 79, 96 (3d Cir. 2018). "In order to establish illegal retaliation for engaging in protected conduct, [a prisoner] must

prove that: (1) his conduct was constitutionally protected; (2) he suffered an adverse action at the hands of prison officials; and (3) his constitutionally protected conduct was a substantial or motivating factor" in the decision to take the adverse action against him. *Watson v. Rozum*, 834 F.3d 417, 422 (3d Cir. 2016) (footnotes omitted). "Once a prisoner has made his *prima facie* case, the burden shifts to the defendant to prove by a preponderance of the evidence that [he or she] 'would have made the same decision absent the protected conduct for reasons reasonably related to penological interest.'" *Carter v. McGrady,* 292 F.3d 152, 158 (3d Cir. 2002) (quoting *Rauser v. Horn*, 241 F.3d 330, 334 (3d Cir. 2001)). Prison officials may prevail by proving that they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest. *Rauser,* 241 F.3d at 334.

    Here, Lewis has failed to show that his use of the grievance system was a substantial or motivating factor in his transfer. Rather, it is undisputed that Lewis was transferred out of SCI Camp Hill for normal classification reasons. *Doc. 62* ¶ 4. Thus, defendant Harry is entitled to summary judgment as to Lewis's retaliation claim.

## VI. Summary.

For the foregoing reasons, we will grant defendant Harry's motion for summary judgment. An appropriate order will be issued.

*S/Susan E. Schwab*
Susan E. Schwab
United States Magistrate Judge